(No. 5006—

CITY OF MURPHYSBORO, ILLINOIS, A MUNICIPAL CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1964.*

RICHARD E. WHITE, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; LAWRENCE W. REISCH, JR., Assistant Attorney General, for Respondent.

PEZMAN, J.

This cause relates to damage to property in the City of Murphysboro, Illinois, owned by Willie D. Harris and Burchay Harris, his wife, and adjacent to South Fourth Street in the said City of Murphysboro.

On June 11, 1954, the City of Murphysboro, Illinois, a Municipal Corporation, passed and adopted a Resolution whereby the City requested and authorized the State of Illinois to enter into an Agreement with the municipality for the construction, relocation and reconstruction of a public street, known as Fourth Street in the City of Murphysboro. This Resolution was approved by the State of Illinois, Department of Public Works and Buildings, on November 7, 1956.

Among other things, the Resolution provided that the State of Illinois, acting by and through its Department of Public Works and Buildings, Division of Highways, should secure the necessary rights of way, prepare detailed plans, and construct the improvement without cost to the City of Murphysboro.

The Harris property is located on South Fourth Street, one-half block south of the main highway improvement known as S.B.I. Route No. 13, Section 12-1, Jackson County. The full extent of the improvement is from Carbondale to Murphysboro.

Prior to construction of the improved S.B.I. Route No. 13, Section 12-1, Jackson County, the Willie and Burchay Harris' residence was on an even level with Fourth Street, said Fourth Street being the frontage street of their home. Following the reconstruction and relocation of said Fourth Street, the Harris home is now at least twelve feet below the level of said street, and it is no longer possible to have direct access by drive to their home from said street. Claimant contends that Willie Harris and Burchay Harris, as a result of such

improvement, were further deprived of air, light and view by obstruction created by the raised Fourth Street.

In October, 1958, a suit was filed in the Circuit Court of Jackson County, Illinois, by Willie D. Harris and Burchay Harris against the City of Murphysboro, Illinois, in which it was alleged that plaintiffs' property had been consequentially damaged. Following a trial by jury in February, 1960, the Circuit Court of Jackson County entered judgment against the City of Murphysboro, in the amount of $2,275.00 and costs of suit in the amount of $25.30, making a total judgment of $2,300.30.

The City of Murphysboro has paid the amount of the judgment, and has not been reimbursed for this payment. The City was provided with a release of judgment, which has been filed in the office of the Circuit Clerk of Jackson County, and has been recorded in Book 60 on page 528.

Claimant contends that, pursuant to an Agreement with the Department of Public Works and Buildings, Division of Highways of the State of Illinois, certain construction of roadways and streets was to be undertaken by the State of Illinois. Acting under this Agreement, the State of Illinois commenced the construction and completed the same. As a result of this construction project, the law suit hereinbefore referred to was filed against claimant. Claimant undertook to defend said law suit in good faith, giving proper notification to the State of Illinois of the pendancy of the law suit within plenty of time for them to have acted upon the matter of defense. The facts in the case reveal that the State was notified on or before October 15, 1958 of the cause in the Circuit Court of Jackson County, Illinois, and that agents of the State assisted the attorney for claimant in preparing the defense to that original action. The case was tried in 1960.

The alleged Agreement between the City of Murphysboro and the State of Illinois is encompassed by the Resolution attached as exhibit A to the original complaint. This Resolution specifically provides that the Division of Highways of the State of Illinois shall "secure the necessary rights of way, prepare detailed plans, and construct the improvement without cost to the City of Murphysboro", and "arrange for the adjustment of all public and private improvements. . . . all of the above enumerated work to be done without cost to the City of Murphysboro." Testimony of J. L. Burnett, District Right of Way Engineer for the Division of Highways, discloses that the State paid for all the rights of way in the total construction project, and that the construction was to be without cost to the City. He further testified that the State did not purchase a right of way from the Harris property, because, in the opinion of the Division of Highways, there was no damage to the Harris property. In his testimony Mr. Burnett admitted that the State had not paid the Harrises for any right of way previous to the decision of the jury in the case of *Harris* vs. *City of Murphysboro* in the Circuit Court of Jackson County, Illinois.

The Department of Public Works and Buildings has the authority to enter into contracts with municipalities for the construction and maintenance of highways within the corporate limits of any municipality. This Department is also vested with the right to acquire property rights necessary for the construction of highways within the corporate limits of any city. The agreement between the City of Murphysboro and the State of Illinois is clearly established by the Resolution, which is made a part of the evidence in this case.

Respondent does not contend against the facts as related herein. Singly important and uncontroverted is

the fact that the State of Illinois made no effort to obtain a right of way from Will D. Harris and Burchay Harris prior to the construction.

Whether the City of Murphysboro was the agent of the State of Illinois, or the State of Illinois was the agent of Murphysboro is immaterial. We find that there was an Agreement between both parties for the construction and relocation of certain roadways and streets, including South Fourth Street, in the City of Murphysboro, Illinois. Said Agreement provided that such construction would be without cost to the City of Murphysboro. The failure of the State of Illinois to obtain a right of way from Willie D. Harris and Burchay Harris prior to the construction has resulted in cost to the City of Murphysboro, as a result of the verdict of the jury in the cause in the Circuit Court of Jackson County, Illinois, in February of 1960.

An award is, therefore, made to claimant in the sum of $2,300.30.